# IN THE COURT OF APPEALS OF IOWA

No. 20-1558
Filed February 3, 2021

**IN THE INTEREST OF G.S., V.S., and S.D.,**
**Minor Children,**

**J.F., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Tara M. Elcock of Elcock Law Firm, PLC, Indianola, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Magdalena Reese of the Juvenile Public Defender's Office, Des Moines, attorney and guardian ad for minor children.

Considered by Bower, C.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MAHAN, Senior Judge.**

A mother appeals the termination of her parental rights to her children, born in 2015, 2018, and 2019.[1]  She contends the department of human services failed to make reasonable efforts toward reunification, she should be given additional time to work toward reunification, and termination was not in the children's best interests.  We affirm.

*I.*      *Background Facts and Proceedings*

This family came to the department's attention in May 2019,[2] when three-year-old G.S. was found unattended on a busy street.  The mother reported that G.S. was outside for at least an hour while she was sleeping and she then left one-year-old V.S. home alone while she went to look for G.S.  Police arrived to the scene and observed the family's home conditions were unsafe for the children.  The children were removed from the home, placed in foster care, and adjudicated in need of assistance.

Shortly after the children's removal, the parents were evicted from their home and arrested on various charges.  Despite initially denying substance use, the mother "identifie[d] methamphetamine as her primary drug of choice" during her July 2019 substance-abuse evaluation, and she stated her last date of use was the previous day.  S.D. was born in December 2019, and although the mother provided a clean drug test, she voluntarily left inpatient treatment where she had

---

[1] The parental rights of the children's fathers were also terminated, and they did not appeal.

[2] The prior month, the department investigated a domestic assault between the parents in the presence of the children.  The department issued a founded report regarding domestic violence between them, and a no-contact order was issued against the father.

been residing and moved into a home with S.D.'s father. The mother acknowledged the home was unsafe for S.D., and she consented to the child's removal from her care.

Because the mother did not make adequate progress toward stability, the department filed a petition to terminate her parental rights. The juvenile court entered orders terminating the mother's parental rights in November 2020, from which she appeals.

## II. *Standard of Review*

Appellate review of termination-of-parental-rights proceedings is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our paramount concern in termination proceedings is the best interests of the children. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. *Discussion*

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) and (*l*) (2020) concerning G.S.; (h) and (*l*) concerning V.S.; and (b), (e), (h) and (*l*) concerning S.D. We may affirm the termination order if the record supports termination on one of those grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The mother concedes the statutory grounds are met.

Once the grounds for termination of parental rights have been established, the court must then "apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights." *In re D.W.*, 791 N.W.2d 703, 706–07 (Iowa 2010). In determining best interests, our primary considerations are "the child[ren]'s safety," "the best

placement for furthering the long-term nurturing and growth of the child[ren]," and "the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The mother contends termination is contrary to the children's best interests.

The mother did not attend either day of the termination hearing, and the court did not excuse her absence. Her attorney relayed to the court the mother's statement that "there's multiple opportunities for her to go to treatment." This is a hollow promise. The mother's situation at the time of termination was the same— if not worse—than it was at the outset of this case. The mother continued to struggle with substance abuse, she did not have a stable home, and she did not have a job. Considering the mother's history of instability as we look ahead, we think it unlikely she would be able to adequately meet the children's needs in the future. *See In re C.W.*, 554 N.W.2d 279, 283 (Iowa Ct. App. 1996). We find termination of the mother's rights to be in the children's best interests.

The mother also contends the department "failed to provide reasonable efforts for her to have contact during the COVID-19 pandemic, which led to her mental health instability and homelessness." According to the mother, the "shutdown" hampered her progress, modified her visitations, and warranted an additional six months to work toward reunification. The juvenile court may defer termination for a period of six months if it is able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). The mother claims an additional six months would allow her "time

to show that she has the ability that she can live a life free of substance abuse, domestic abuse, and homelessness."  This generalized statement does not provide a sufficient basis to grant additional time to work toward reunification.  We will not delay permanency for the children simply because of unexpected changes in services offered to the mother.  *Cf. In re B.S.*, No. 20-1071, 2020 WL 5946405, at *3 (Iowa Ct. App. Oct. 7, 2020) ("The father has not established any examples when the COVID-19 pandemic prevented him from participating in services.").  Moreover, we note this case began in May 2019, nearly one year before the COVID-19 pandemic impacted services, but the mother made little progress during that time.  *Cf. In re E.A.*, No. 20-0849, 2020 WL 4498164, at *2 (Iowa Ct. App. Aug. 5, 2020) ("This is not a parent whose hard work placed her on the threshold of reunification only to be thwarted by a once-in-a-lifetime event.  This is a parent who was given ample time to gain the skills necessary for reunification but simply failed to progress, pandemic or no pandemic.  The parents are not entitled to additional time to work toward reunification.").

We affirm the decision of the juvenile court to terminate the mother's parental rights.

**AFFIRMED.**